UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FOX, an individual,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>FOOT LOCKER RETAIL, INC; DOES 1 to 100, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11cv2805 WQH (BGS)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Remand to State Court filed by Plaintiff Brandon Fox. (ECF No. 5)

## I.　Background

On October 21, 2011, Plaintiff initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego, where it was assigned case number 37-2011-00099820-CU-WT-CTL. (ECF No. 1-1 at 3). Plaintiff alleges he was employed by Foot Locker Retail, Inc. ("Foot Locker") as an assistant manager. Plaintiff asserts claims for failure to provide mandated meal breaks, failure to provide mandated rest breaks, and wrongful termination in violation of public policy. Plaintiff alleges that he is a citizen of California and Foot Locker is a citizen of New York. Plaintiff seeks $37,163 in damages and requests an award of reasonable attorney's fees, expenses, and costs.

On December 2, 2011, Defendant removed the action to this Court pursuant to 28

U.S.C. § 1332, diversity jurisdiction. (ECF No. 1). On December 13, 2011, Plaintiff filed a Motion to Remand. (ECF No. 5). On January 3, 2012, Defendant filed an Opposition. (ECF No. 7).

## II.     Discussion

Defendant contends that diversity exists on the grounds that the Complaint seeks damages in the amount of $37,163 and Plaintiff's counsel "indicated in correspondence to Foot Locker that '[t]ypical attorney fees for taking a case like this to trial are $30,000-$50,000 plus several thousand more in costs." (ECF No. 1 at 4). Defendant contends that in the three months prior to filing suit, Plaintiff's counsel incurred $3,500 in attorney's fees. *Id*. Defendant contends that "[t]he Court should take [the] estimate by Plaintiff's attorney of his own fees and costs to be made in good faith." (ECF No. 7 at 2). Defendant contends that at Plaintiff's counsel's normal billing rate of $350 per hour, "he will easily incur more than $35,000 to take this case through trial." *Id*. at 5.

Plaintiff contends that the amount in controversy has not been met on the grounds that his statement regarding the amount of attorney's fees was merely a "statement in an informal negotiation letter." (ECF No. 5-1 at 2-3). Plaintiff contends that "such communications are not acceptable evidence of the actual amount in controversy because ... they may include puffing ...." *Id*. at 3 (citation omitted). Plaintiff contends that to meet the jurisdictional requirement, Defendant would have to show that Plaintiff will recover at least $37,837 in attorney's fees which is more than his economic damages of $37,163. Plaintiff also seeks an award of attorney's fees for improper removal in the amount of $1,050 which is comprised of 3 hours of work at the billing rate of $350 per hour. *Id*. at 6.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...." 28 U.S.C. § 1441(a). The district court has original jurisdiction in cases in which the amount in controversy exceeds the sum or value of $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy,

1 the removing party must prove, by a preponderance of the evidence, that the amount in
2 controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*,
3 319 F.3d 1089, 1090 (9th Cir. 2003). There is a "strong presumption against removal" such
4 that the removing party "always has the burden of establishing that removal is proper." *Gaus*
5 *v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there
6 is any doubt as to the right of removal in the first instance." *Id.*

7 For the purpose of determining the amount in controversy, the Court may consider the
8 value of any attorney's fees. *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994
9 1000 (9th Cir. 2007). "A settlement letter is relevant evidence of the amount in controversy
10 if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc*.,
11 281 F.3d 837, 840 (9th Cir. 2002); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th
12 Cir. 2008) ("[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper
13 means of supporting the allegations in the notice of removal, even though they cannot be used
14 to support the ultimate amount of liability."). In *Cohn*, the Plaintiff sent a demand letter to
15 Defendant asserting that his trademark was worth $100,000. The Court of Appeals stated that
16 Plaintiff "could have argued that the demand was inflated and not an honest assessment of
17 damages, but he made no attempt to disavow his letter or offer contrary evidence." *Cohn*, 281
18 F.3d at 840. The Plaintiff in *Cohn* "consistently maintained that his mark is worth more than
19 $100,000." *Id*.

20 In this case, Plaintiff is a California citizen and Foot Locker is New York citizen. In
21 the Complaint, Plaintiff seeks $37,163 in damages and requests an award of reasonable
22 attorney's fees, expenses, and costs. Plaintiff sent a demand letter to Foot Locker stating that
23 "[t]ypical attorney fees for taking a case like this to trial are $30,000-$50,000 plus several
24 thousand more in costs." (ECF No. 1 at 4). Plaintiff seeks remand stating generally that a
25 demand letter "may include puffing." (ECF No. 5 at 3). However, Plaintiff has not asserted
26 that the amount of attorney's fees stated in the demand letter was not "a reasonable estimate
27 of the ... claim." *Cohn*, 281 F.3d at 840. The jurisdictional minimum would be met if Plaintiff
28 sought $37,837 in attorney's fees. The Court finds that Defendant has proven by a

preponderance of the evidence that the amount in controversy is $87,163, which exceeds the jurisdictional threshold. Even if the Court only considered the lowest range of Plaintiff's estimate which equals $30,000 plus "several thousand more in costs;" the Court finds that Defendant has proven by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.

### III.  Conclusion

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 5) is DENIED.

DATED: January 23, 2012

**WILLIAM Q. HAYES**
United States District Judge